NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 18 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DIEGO ALEJANDRO JIMENEZ
MELO; YINNA PAOLA GOMEZ
PERILLA; NICOL VALERIA CLAROS
GOMEZ; SAMUEL ALEJANDRO
JIMENEZ GOMEZ; SARA ALEJANDRA
JIMENEZ GOMEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-3823

Agency Nos.
A240-247-106
A220-961-630
A220-961-631
A220-961-632
A220-961-633

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 13, 2025**
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and BENNETT, District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Petitioner Diego Alejandro Jimenez Melo ("Jimenez Melo") and his partner Yinna Paula Gomez Perilla with their three minor children ("Co-Petitioners") (collectively, "Petitioners"), natives and citizens of Colombia, petition for review of the Board of Immigration Appeals' ("BIA") order affirming the immigration judge's ("IJ") order denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

"Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). The court reviews legal determinations *de novo* and factual determinations for substantial evidence. *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022). "Under the substantial evidence standard, administrative findings of fact are conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (citation omitted) (emphasis in original). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

Substantial evidence supports the BIA's determination that Petitioner did not demonstrate a nexus between his alleged persecution from the Revolutionary Armed Forces of Colombia ("FARC") and his particular social group of "former military of Colombia," and his applications for asylum and withholding of removal were properly denied on that ground. An applicant for asylum or withholding of

2                                                          23-3823

removal bears the burden of demonstrating (1) the existence of a cognizable particular social group, (2) their membership in that particular social group, and (3) a risk of persecution on account of membership in the specified particular social group. *Reyes v. Lynch*, 842 F.3d 1125, 1132 n.3 (9th Cir. 2016). "The third element is often referred to as the 'nexus' requirement." *Id.*

To demonstrate the requisite nexus, Jimenez Melo had to establish that his past military experience was "one central reason" (for asylum) or "a reason" (for withholding of removal) that FARC harmed him or will harm him. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023); 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A), 1231(b)(3)(C). The BIA concluded that Jimenez Melo did not satisfy either standard because he did not present sufficient evidence to demonstrate that FARC knew of his military experience, let alone recruited, threatened, or harmed him because of it. Jimenez Melo asserts that while FARC is "typically interested in everyone[,]" it is most interested in former military members, and FARC could have determined that he had military experience from his job working in surveillance, a common job for former military members, and sought him out for that reason. Given the other evidence in the record which demonstrates FARC's widespread recruitment efforts, this evidence, without more, does not compel a finding of nexus between his military experience and his alleged persecution from FARC.

23-3823

Substantial evidence also supports the BIA's finding that Co-Petitioners do not have a well-founded fear of persecution, and their applications for asylum and withholding of removal were properly denied on this basis. Applicants for asylum bear the burden of proving past persecution or a well-founded fear of persecution on account of a protected ground.[1] *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(B)(i). To be well-founded, a petitioner's fear of future persecution must be "objectively reasonable." *Parada v. Sessions*, 902 F.3d 901, 909 (9th Cir. 2018).

Co-Petitioners assert that they have a well-founded fear of persecution on account of being family members of Jimenez Melo. FARC threatened Jimenez Melo with harm to his family, but they never directly threatened Co-Petitioners. Further, Co-Petitioners never had any contact with FARC, they voluntarily visited Colombia while living in Mexico, and Jimenez Melo's other immediate family members living in Colombia have not been threatened or harmed by FARC. *See Loho v. Mukasey*, 531 F.3d 1016, 1017–1018 (9th Cir. 2008) (stating that a petitioner's "history of willingly returning to his or her home country militates against a finding of . . . a well-founded fear of future persecution"); *Tamang v. Holder*, 598 F.3d 1083, 1094 (9th Cir. 2010) ("[F]ear of future persecution is

---

[1] Co-Petitioners waived any argument that they experienced past persecution in Colombia by not raising past persecution in their opening brief. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

23-3823

weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed.") (cleaned up).

Finally, there is substantial evidence supporting the BIA's denial of Petitioners' request for CAT protection because Petitioners did not establish a clear probability of torture by or with the acquiescence of a government official. *See Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1059 (9th Cir. 2006). Petitioners did not cite any direct evidence that government officials in Colombia were aware of and acquiesced in any FARC plan to torture Jimenez Melo. *See id.* Petitioners contend that the BIA erred by not adequately considering the country conditions evidence, asserting that the corruption in Colombia is such that at least one official would acquiesce to torture, but the general ineffectiveness of the Colombian government to stop FARC from committing crimes is not enough on its own to show government acquiescence. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

**PETITION DENIED.**